IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> KEITH GIBSON, et al., <br><br> Defendants. | No. 2:20-CV-0642-KJM-DMC-P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for immediate release from incarceration. ECF No. 42. The Court construes the motion as a motion for a mandatory injunction directing Defendants (or nonparty prison officials) to release him from prison. See id. The undersigned United States Magistrate Judge recommends denying the motion.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's motion provides no real substantive argument. See id. Instead, Plaintiff broadly requests $250 million dollars bail under the "Fed Bail Act" and "PLRA." Id. at 1–2. He lists a handful of cases in which he is the plaintiff, and which are pending in California state court. Id. at 2–4. The presiding judges have apparently directed the defendants in those cases to take various actions, such as file a case management statement. See id. at 3–4. Plaintiff broadly alleges that he is "seeking immediate release from unlawful custody and imminent harm and danger of the

1

[California Department of Corrections and Rehabilitation]." Id. at 2. Prison guards have allegedly assaulted him. E.g., id. at 2, 6–8. Plaintiff further contends that prison officials have failed to comply with the Court's orders. Id. at 3. However, he does not state which orders have been disregarded by any official. See id.

## II. STANDARD OF REVIEW

Because the Court construes Plaintiff's motion as a request for injunctive relief, the Court recites the standards governing preliminary injunctions. The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus maintaining the status quo. Id. A mandatory injunction directs some responsible party to act. Id. at 879.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20–22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131. Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

2

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. E.g., Winter, 555 U.S. at 20; Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction *preventing* a party from acting, and thus beyond mere maintenance of the status quo. See id. They require a party to act. Id. District courts must deny requests for mandatory injunctions unless the law and facts *clearly* favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

## III. DISCUSSION

Plaintiff effectively seeks a mandatory injunction directing that bail be set and that Defendants or other prison officials to release him from what he views as unlawful incarceration. ECF No. 42 at 1–2, 5. The Court, however, need not address the standards for receipt of injunctive relief. Plaintiff cannot obtain a preliminary injunction compelling his release from incarceration.

Plaintiff brings this action under 42 U.S.C. § 1983. Section 1983 provides a remedy for the violation of constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 is not a vehicle for challenging the validity of confinement. See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

The *exclusive* remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. Nettles, 830 F.3d at 927; see Skinner, 562 U.S. at 533–34; Heck v. Humphrey, 512 U.S. 477, 481–87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Because a habeas petition is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction ordering a prisoner's release in a civil rights action is inappropriate.[1] See, e.g., Nettles, 830 F.3d at 927; Henson v. Corizon Health, No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2319937, at *2 (D. Ariz. May 11, 2020). If Plaintiff wishes to challenge the fact or duration of his confinement, he may file a petition for a writ of habeas corpus.

## IV. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff's motion for immediate release from incarceration (ECF No. 42) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 6, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Sister courts have reached the same conclusion. Law v. Pierce, C.A. No. 19-924 (MN), 2020 WL 6799162, at *7 (D. Del. Nov. 19, 2020); Menefee v. Tigard Police Dep't, No. 3:20-cv-01497-AC, 2020 WL 6547640, at *3 (D. Or. Nov. 6, 2020); Boaz v. Woodall, No. 3:20-cv-1194-J-39JRK, 2020 WL 6484973, at *2 (M.D. Fla. Nov. 4, 2020); Riggs v. Louisiana, No. 3:20-0495, 2020 WL 1939168, at *1–2 (W.D. La. Apr. 22, 2020); Pines v. Dir. of Atascadero State Hosp., No. 18-cv-03849-SI, 2018 WL 11047234, at *1 (N.D. Cal. July 10, 2018).