IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> KEITH GIBSON, et al., <br><br> Defendants. | No. 2:20-CV-0642-KJM-DMC-P <br><br><br> ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court are Plaintiff's motions for injunctive relief. ECF Nos. 33, 37, 38. Plaintiff makes various requests, but the Court construes the motions as motions for injunctive relief. The undersigned United States Magistrate Judge recommends denying each motion.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff's motions are, at their core, duplicative of each other. See ECF Nos. 33, 37, 38. Plaintiff variously notes that he is seeking injunctive relief, bail, mental health services, investigation into his unlawful incarceration, and a loan from the Court of $10 million dollars.[1] ECF Nos. 33 at 1; 37 at 1; 38 at 1.

---

[1] Although Plaintiff requests bail (see, e.g., ECF No. 33 at 1), the Court only addresses injunctive relief generally. Plaintiff's separate motion for release from prison is also pending before the Court. ECF No. 42. The Court has addressed that motion through separate findings and recommendations. To the extent Plaintiff requests release here, the undersigned United States Magistrate Judge recommends that it be denied for the reasoning identified in the separate recommendations.

1

Plaintiff makes brief, standalone allegations that prison guards have assaulted him. See, e.g., ECF Nos. 33 at 2–3; 37 at 2–3. He attaches a haphazard compendium of documents to each motion. See ECF Nos. 33, 37, 38. The documents variously include, for example, Plaintiff's communications with his public defender, letters from private law firms concerning class action lawsuits and Plaintiff's receipt of mental healthcare, administrative proceedings finding Plaintiff guilty of assaulting a prison guard, and grievances that Plaintiff has filed in prison. See, e.g., ECF Nos. 33 at 4–11, 19–21, 29; 37 at 4–16; 38 at 3–16, 18–19, 22. Other than the amalgam of documents and brief allegations of assault, Plaintiff does not include any substantive argument supporting his motions. See, e.g., ECF Nos. 33 at 1–3, 57; 37 at 1–3; 38 at 1–2, 80–81.

## II. STANDARD OF REVIEW

Because the Court construes Plaintiff's motion as a request for injunctive relief, the Court recites the standards governing preliminary injunctions. The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus maintaining the status quo. Id. A mandatory injunction directs some responsible party to act. Id. at 879.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20–22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131. Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. E.g., Winter, 555 U.S. at 20; Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction *preventing* a party from acting, and thus beyond mere maintenance of the status quo. See id. They require a party to act. Id. District courts must deny requests for mandatory injunctions unless the law and facts *clearly* favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

### III. DISCUSSION

The Court need not undertake any lengthy analysis. Plaintiff has not established grounds for any relief, let alone a preliminary injunction. Plaintiff's motions do not establish that he is likely to succeed on the merits of his claims, that he faces irreparable harm if this Court does not issue an injunction, that the hardships tip in his favor, or that an injunction is in the public interest. See, e.g., Cottrell, 632 F.3d at 1131. Although the United States Court of Appeals for Ninth Circuit has employed a sliding scale under which a stronger showing as to one of the foregoing elements can make up for a weaker showing on another element, Plaintiff has not made any requisite showing on any element. See id. at 1131–35; Ramos, 975 F.3d at 878–88; ECF Nos. 33, 37, 38. There are simply no grounds on which to grant injunctive relief.

Even construing Petitioner's submissions liberally, Petitioner makes no real argument on any of the elements justifying the extraordinary remedy of an injunction. Petitioner's submissions make no showing satisfying what the Ninth Circuit has determined is the most important factor—likelihood of success on the merits. See Garcia, 786 F.3d at 740. He offers

nothing but his allegations of assault (which are not supported by any argument) and the mix of documents that he attaches to his motions. See ECF Nos. 33, 37, 38. Moreover, the Court has not yet screened Plaintiff's first amended complaint under 28 U.S.C. § 1915A and thus cannot say that Plaintiff has established any particular likelihood of success on the merits of his claims.

Furthermore, although the Court need not consider the remaining elements, it is worth noting that Plaintiff's has not remotely established irreparable harm. Plaintiff's allegations of abuse at the hands of prison guards—if true—may well constitute a violation of his constitutional rights. See Hudson v. McMillan, 503 U.S. 1, 4–10 (1992); Bearchild v. Cobban, 947 F.3d 1130, 1140–41 (9th Cir. 2020); Hoard v. Hartman, 904 F.3d 780, 787–88 (9th Cir. 2018). Deprivation of constitutional rights can qualify as irreparable harm. E.g., Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). But Plaintiff's unsupported allegations that he has been assaulted, and his attachment of documents mostly irrelevant to that claim, do not establish irreparable harm. Plaintiff must show that irreparable harm is *likely*, not just possible. Cottrell, 632 F.3d at 1131. He has not done so.

## IV. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff's motions for injunctive relief (ECF Nos. 33, 37, 38) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 6, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE