IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>       Plaintiff,<br><br>   v.<br><br>KEITH GIBSON, et al.,<br><br>       Defendants. | No.  2:20-CV-0642-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint, ECF No. 51.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's second amended complaint. See ECF No. 51. Plaintiff's original complaint failed to state cognizable claims because one defendant was immune and there were no facts linking the remaining named defendants to the claimed constitutional violation. See ECF No. 28, pg. 2. Plaintiff's first amended complaint "largely suffer[ed] from the same defects." ECF No. 49, pg. 4. Upon Plaintiff's third attempt, he now names two defendants not listed in any of the previous complaints: (1) Dr. Wynn, a psychiatrist at California Medical Facility; and (2) Dr. Rauf, a psychiatrist at Kern Valley State Prsion. See id. at 2. Plaintiff claims that Defendants violated Plaintiff's Eighth Amendment rights by not taking him off of his "anti/psychotic medication" prescription. See id. at 3-4.

### Dr. Wynn

Plaintiff alleges the following facts against Dr. Wynn:

> On February/20th/2020 Doctor Wynn interviewed me for admittance in California Medical Facility . . . program (a) six to nine month program at this interview I notified (DR) Wynn that I was being prescribed anti/psychotic medication [] and that I was not psychotic I also asked (DR) Wynn to : please take me off anti/psychotic drug(s) because I am not psychotic Doctor Wynn then stated to me that what did I expect when I keep telling psychiatrist I was awarded $27.9 billion dollar(s) partially in (A) CDCR pink Hc602 Lo 6 number # LAC-HC 15057051 granted partially on March/25th/2016 I then notified right then and there that in fact I arrived here at CMF tonight with all my property and that I could show him the money awarded to me partially (DR) Wynn said he was not going to take me off medications.

Id. at 3 (errors in original).

///

1         Plaintiff alleges that he is "experiencing chest pain," "heart palpitations," and that

2 he is "being constantly peppered [sic] sprayed and beaten." Id.

3         Dr. Rauf

4         Plaintiff alleges the following facts against Dr. Rauf:

5–11
> On February 4th, 2020 Doctor Rauf was told to take me off pain injection by judge to: which he agreed but I also informed Doctor Rauf that I was being misdianosed on anti/psychotic drug(s) and that I would like to : be taken off anti/psychotic drugs because I am not psychotic . . . But like psychiatrist Doctor Wynn stated psychiatric Doctor Rauf stated prior that what did I expect when I keep telling psychiatrist that I was partially awarded $27.9 billion dollars on pink Hc602 Lo 6 number # LAC-HC 15057051 I then showed Doctor Rauf and my attorney Mary Dederick the partially granted Hc602 Lo 6 number # LAC-HC 15057051 Doctor Rauf said he would take me off injection(s) but not anti/psychotic(s) drug(s) . . . Its because I keep notifying Doctor (s) of partially granted $27.9 billion dollars Hc 602 I keep getting forced medicated.

12 Id. at 4 (errors in original).

13         Plaintiff alleges that he is "experiencing chest pain," "heart palpitations," and that

14 he is having a "hard time trying to get (a) [sic] court order to: [sic] get my money." Id.

15

16         **II. DISCUSSION**

17         The Court finds that Plaintiff's second amended complaint is deficient.

18 Specifically, Plaintiff's Eighth Amendment claim does not show that Defendants had a

19 sufficiently culpable mind.

20         The treatment a prisoner receives in prison and the conditions under which the

21 prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22 and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts

24 of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

25 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v.

26 Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with

27 "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

28 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when

two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

///

///

4

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff seems to have a difference of opinion concerning the appropriate course of treatment. Plaintiff does not allege facts that demonstrate how Defendants were acting for the purpose of inflicting harm. At best, Plaintiff's facts suggest negligence claims. Therefore, Plaintiff's Eighth Amendment claim is not cognizable. Further, because Plaintiff has yet to state a cognizable claim in any of his three complaints. Allowing a fourth bite at the apple would likely be fruitless as well.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 3, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE